# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CHERYL MANDELL                    )
                                  )
              Plaintiff,          )          3:10-cv-00764-LRH-VPC
      v.                          )
                                  )          **ORDER**
WELLS FARGO BANK                  )
                                  )
              Defendants.         )          March 1, 2011
_____)

Before the court is plaintiff's application for leave to proceed *in forma pauperis*, accompanied by her *pro se* civil rights complaint and exhibits, which she filed on December 8, 2010 (#1).[1]  In her application and financial affidavit, plaintiff indicates she that receives a monthly income of $2429.43.  *Id.*  Plaintiff claims that her monthly expenses total approximately $2379.82.[2] *Id.* at 2.  Based upon the foregoing, the court grants plaintiff's application to proceed *in forma pauperis*.  However, the court's preliminary review of plaintiff's complaint (#1-1) reveals that it fails to state a claim upon which relief may be granted; therefore, the complaint is dismissed without prejudice and with leave to amend pursuant to this Order.

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

---

[1]     Refers to the court's docket numbers.

[2]     Plaintiff attaches a letter to her application to proceed *in forma pauperis*, which also details her expenses (#1, p. 3-4).  While the expenses appear to duplicate those provided in the application, the total is incorrectly listed as $2349.85.  *Id.* at 3.  The correct total is $2379.82, which matches the total expenses included in the application.

1    Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp.*

2    *of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic

3    recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise

4    a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

5    (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely

6    creates a suspicion [of] a legally cognizable right of action."  *Id.* (quoting 5 C. Wright & A. Miller,

7    Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).  In reviewing a complaint under

8    this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg.*

9    *Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most

10   favorable to plaintiff, and resolve all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S.

11   411, 421 (1969).

12         "To sustain an action under Section 1983, a plaintiff must show (1) that the conduct

13   complained of was committed by a person acting under color of state law; and (2) that the conduct

14   deprived the plaintiff of a federal constitutional or statutory right."  *Wood v. Ostrader,* 879 F.2d 583,

15   587 (9th Cir. 1989), *cert. denied*, 498 U.S. 938 (1990).  Allegations in  *pro se* complaints are held

16   to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S.

17   5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v.*

18   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

19         In the instant case, plaintiff's complaint fails to state sufficient facts to demonstrate a

20   potential violation of her civil rights.  Plaintiff sues Wells Fargo Bank ("defendant"), claiming that

21   the company "said one thing + inforced [sic] another (ELF account)" (#1-1, p. 2).  Plaintiff's

22   complaint in its entirety states:

23         I took out an ELF account to start a business + home occupied business starts in 2017
         + 2047.  They closed my account + sold my house to Lund Realty.  They told me
24       owed back payment before the due date.

25   ///

26   ///

27   ///

28   ///

2

| | | | |
|---|---|---|---|
| 1998 | | 1001 + 0002 | |
| One missing receipt = 2007 | | One missing receipt | |
| 5/16/08 | $640.00 | 5/16/2008 | 1,423.26 |
| 5/30/08 | $587.66 | 6/30/08 | 70.90 |
| 6/30/08 | 239.06 | 7/30/08 | 70.90 |
| 7/30/08 | 239/06 | 8/29/08 | 70.90 |
| 8/29/08 | 239.06 | 10/02//08 | 239.06 |
| 10/02/08 | 70.90 | 10/30/08 | 236.04 |
| 10/30/08 | 70.90 | | |
| | 2086.64 | Receipts are missing  2111.06 | |

I followed the contract which Wells Fargo Bank Cannot get a copy of. Then lost my house by following their contract. [Previously] I described payments made except for those receipts that have been lost or are in Utah unabtainable [sic] by me.  With Wells Fargo Bank you follow the ELF account to build a business + loose [sic] everything while growing in business.

*Id.* at 3-4.  Plaintiff also submits copies of receipts indicating payment on a line of credit and a consumer loan account. *Id.* at 10-13.

Plaintiff's complaint does not include any specific allegations against identified individuals acting under color of state law, and the facts provided by plaintiff are confusing and vague.  The court declines to speculate as to the significance of the receipts and amounts provided by plaintiff. Additionally, without a copy of the alleged agreement between plaintiff and defendants and more details regarding the actions taken by defendant that purportedly breached the agreement, the court is unable to determine what plaintiff means when she says defendant "said one thing + inforced [sic] another (ELF account)."  Based on the information provided by plaintiff, the court is unclear as to which rights she believes defendants violated.

As set forth above, plaintiff has failed to state a claim upon which relief can be granted. Therefore, it is recommended that plaintiff's application to proceed *in forma pauperis* (#1) be granted and that her complaint (#1-1) be dismissed without prejudice.  Plaintiff is advised that a complaint pursuant to 42 U.S.C. § 1983 should set forth a concise statement of facts that demonstrate a violation of plaintiff's civil rights and should identify the specific individuals, acting under color of state law, responsible for the alleged violations.

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (#1) is **GRANTED**.

1    **IT IS FURTHER ORDERED** that plaintiff's complaint (#1-1) is **DISMISSED WITHOUT**

2   **PREJUDICE** and with leave to amend according to this Order.  The Clerk shall send to plaintiff a

3   blank form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff is advised that

4   pursuant to Local Rule 15-1, the amended complaint shall be complete in itself without reference

5   to the previous complaint. Plaintiff shall write the words "first amended" above the title "civil rights

6   complaint" on the form.

7    **IT IS FURTHER ORDERED** that plaintiff is **GRANTED** thirty (30) days from the date

8   of entry of this Order within which to file a first amended complaint remedying, if possible, the

9   defects in the complaint explained above.  Plaintiff's failure to do so may result in the immediate

10   dismissal of the entire action.

11    **DATED**:       March 1, 2011.

12

13   _____

14       **UNITED STATES MAGISTRATE JUDGE**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4